Vanessa R. Waldref
United States Attorney
Eastern District of Washington
George J.C. Jacobs, III
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 17 2023

SEAN F. McAVOY, CLERK
_____ DEPUTY
RICHLAND, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

   Plaintiff,

   v.

HASANEIN A. YASER,

   Defendant.

Case No: 4:21-CR-6042-MKD-4

Pretrial Diversion Agreement

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and George J.C. Jacobs, III, Assistant United States Attorney, as well as Defendant, HASANEIN A. YASER, and Defendant's counsel, Richard A. Smith, agree to the following Pretrial Diversion Agreement (the "Agreement"):

**I. Overview and Information**

1.  In July 2020, the United States Attorney's Office for the Eastern District of Washington notified Defendant that the Federal Bureau of Investigation (FBI) was investigating Defendant for Mail Fraud, in violation of 18 U.S.C. § 1341.

2.  Defendant waives indictment by grand jury and consents to the filing of an Information in the United States District Court for the Eastern District of

PRETRIAL DIVERSION AGREEMENT - 1

Washington, charging Defendant with one count of Mail Fraud, in violation of 18 U.S.C. § 1341, as set forth below.

3.  Defendant stipulates and agrees that Defendant did in fact violate 18 U.S.C. § 1341 and that the United States could prove Defendant's guilt beyond a reasonable doubt. Defendant wishes to accept responsibility for this conduct. Accordingly, Defendant stipulates and agrees to the following facts, referred to herein as the "Covered Conduct":

    a.  On May 28, 2019, in furtherance of a scheme and artifice to defraud an insurance company out of money and property, Defendant participated in a staged automobile accident with Ali Abed Yaser, Insaf Karawi, Ameer R. Mohammed, and Seifeddine Al-Kinani on County Route 12, between Johnson Road and Missimer Road, in Benton County, Washington, in the Eastern District of Washington. The staged accident involved a 2009 Hyundai Sonata, driven by Ameer R. Mohammed with passenger Seifeddine Al-Kinani, being purposely driven into an unoccupied 2014 Lexus IS. As part of the staging, Defendant, Ali Abed Yaser, and Insaf Karawi exited the Lexus IS prior to the crash and watched Ameer R. Mohammed intentionally ram it.

    b.  At Ali Abed Yaser's instructions, and in furtherance of the scheme and artifice to defraud, Defendant subsequently sought medical treatment and filed a fraudulent insurance claim with State Farm Insurance Company in which he falsely represented that he had been injured in the accident. Defendant retained a personal injury lawyer to represent him. Unbeknownst to the personal injury lawyer, the accident was staged. As a result of his materially false and fraudulent representations, on June 3, 2020, Defendant knowingly, and with intent to defraud, caused to be delivered by U.S. Mail a State Farm Insurance Company check (no. 268822) payable to Defendant and his personal injury lawyer in the amount of $5,250.00. The insurance check was mailed from State Farm Insurance Company to the State of Washington from outside the State of Washington.

PRETRIAL DIVERSION AGREEMENT - 2

      c.    Defendant admits that the accident was staged, no one was in the Lexus, and he had no physical injuries since he was not even in the Lexus IS when it was rammed.

4.    On authority from the Attorney General of the United States, through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, prosecution in the Eastern District of Washington for the Covered Conduct shall be deferred for 24 months. This 24-month period begins on the date this Agreement is signed by both parties and accepted by the Court.

5.    The United States and Defendant stipulate and agree that the Court will maintain jurisdiction over this matter and that the Court shall be the final arbiter as to: (1) whether a party breached this Agreement, and if so; (2) the appropriate remedy, which may include either terminating the Agreement or modifying its terms. A modification may include extending the Agreement's 24-month period by an additional 12 months, for a total of 36 months.

## II.    Terms

Defendant stipulates and agrees to the following terms:

6.    **Waiver of Constitutional Rights.** Defendant, by entering this Agreement, agrees to waive certain constitutional rights including (1) the right to a jury trial; (2) the right to see, hear, and question witnesses; and (3) the right to compel witnesses to testify. Defendant knowingly and voluntarily waives the above rights.

7.    **Supervision.** Defendant stipulates and agrees to be supervised by the U.S. Probation Office during this 24-month period (or longer, if the period is extended by the Court). Further, Defendant understands the following:

      a.    Defendant shall not violate any federal, state, or local law. This term does not apply to minor civil infractions such as speeding.

      b.    If Defendant is arrested or has any official contact with law enforcement in a civil or criminal investigative capacity, Defendant shall notify Defendant's supervising pretrial diversion officer within two business days.

     c.     Defendant shall live within the jurisdiction of the Eastern District of Washington. If Defendant seeks to reside outside the District, Defendant shall notify and seek the approval of Defendant's supervising pretrial diversion officer so that appropriate arrangements in light of the Agreement can be made.

     d.     Defendant shall maintain employment in a lawful occupation. When out of work, Defendant shall notify Defendant's supervising pretrial diversion officer. In the event that Defendant becomes self-employed, Defendant shall provide evidence of such self-employment.

     e.     Defendant shall report to Defendant's supervising pretrial diversion officer as directed by the Court or U.S. Probation. Any failure to abide by the reporting requirements as established by the Court or U.S. Probation shall be deemed as an irrevocable violation of the Agreement.

     f.     Defendant shall not possess, control, consume, and/or use any illegal control substance, including marijuana, nor possess any firearm or ammunition for any firearm. Defendant shall not use alcohol to excess.

     g.     Defendant shall perform at least 24 hours of community service with an organization approved by U.S. Probation.

8.    **Restitution.** As an express condition of this Agreement and the promises made by the United States herein, Defendant agrees to pay restitution to State Farm Insurance Company as follows:

     a.     Defendant agrees to pay restitution in an amount of $1,200 in the form of $50 per month installment payments for the 24-month period of this Agreement. Should the Agreement be extended to 36 months, Defendant's $50 per month restitution payment shall likewise be extended, resulting in total restitution to State Farm in the amount of $1,800. Any interest on restitution shall be waived.

     b.     Defendant expressly agrees to make timely and complete payments according to the repayment schedule. Failure to make timely monthly payments may be deemed a breach of this Agreement.

PRETRIAL DIVERSION AGREEMENT - 4

      c.    Defendant agrees that his obligation to pay restitution of $1,200 (or $1,800 if the Agreement is extended) continues until full restitution is made, and agrees that he is obligated to pay the entire agreed upon restitution balance regardless of whether he breaches this Agreement.

      d.    Until Defendant's restitution obligations are paid in full, Defendant agrees to fully disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party.

      e.    Defendant voluntarily agrees that the United States may immediately record a lien against all property and rights to property of the Defendant, which shall be released upon full payment of the restitution balance.

      f.    Defendant agrees that if he fails to make restitution payments as provided in this Paragraph, the United States shall be entitled to the entry of a money judgment against the Defendant in the amount of the outstanding balance. The parties further agree that if a money judgment is entered, the United States shall be entitled to discovery in aid of collection of the money judgment.

      g.    Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies. If the Defendant fails to make his restitution payments as agreed in this Paragraph, he shall be enrolled in TOP and TOP may take all or part of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations.

      h.    Defendant understands that if the Defendant fails to make his restitution payments as agreed in this Paragraph, the United States may pursue any available remedies to ensure the restitution obligation is satisfied, including, but not limited to, garnishment and/or execution against available funds, wages, or assets.

9.    **Tolling.** Defendant stipulates and agrees to toll the running of all applicable statutes of limitations and any time-based defenses for the Covered Conduct. This tolling shall run from the date the Agreement is signed by all parties

PRETRIAL DIVERSION AGREEMENT - 5

until the Agreement expires or is terminated by the Court. Defendant stipulates and agrees that the Agreement's tolling provision does not abridge or curtail the applicable statute of limitations in any way, but rather extends the applicable statute of limitations by the period of time that the Agreement is in effect.

Defendant further expressly waives indictment and all rights to a speedy indictment and/or trial pursuant to the Sixth Amendment of the United States Constitution, 18 US.C. § 3161, Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the United States District Court for the Eastern District of Washington for the period during which this Agreement is in effect.

10. **Breach.** If the Court, after a hearing, terminates the Agreement based on a breach by Defendant, the United States may resume its prosecution against Defendant as to the charge(s) under investigation, and any additional charges.

11. **Admissibility of the Agreement in Prosecution.** In the event that the Court terminates the Agreement based on a breach by Defendant, Defendant stipulates and agrees that the Agreement and Defendant's admissions contained therein shall be admissible against Defendant at any trial, sentencing, or other related proceeding.

The United States stipulates and agrees to the following:

12. **Deferred Prosecution and Dismissal.** The United States stipulates and agrees to defer prosecution of the above-captioned matter for a period of 24 months (or up to 36 months, if the Agreement is extended). When and if Defendant satisfies all the requirements of the Agreement (including any modifications or extensions), the United States stipulates will, seek dismissal with prejudice of the Information filed against Defendant pursuant to this Agreement. Except in the event of a violation by Defendant of any term of this Agreement, the United States will bring no additional charges against Defendant relating to Defendant's conduct as described in the Information and the Covered Conduct set forth above. This agreement does not provide any protection against prosecution for any crimes except as set forth above. Defendant and the United States understand that the Court must approve deferral

PRETRIAL DIVERSION AGREEMENT - 6

under the Speedy Trial Act, in accordance with 18 U.S.C. § 3161(h)(2). Should the Court declined to defer prosecution for any reason: (1) both the United States and Defendant are released from any obligation imposed upon them by this Agreement; and (2) this Agreement shall be null and void, except for the tolling provisions set forth herein.

### III. Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____  08/17/2023
George J.C. Jacobs, III         Date
Assistant U.S. Attorney

I have read the Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. I understand the terms and conditions of the Agreement and agree to comply with them.

_____  8/17/2023
Hasanein A. Yaser              Date
Defendant

_____  8/17/23
Richard A. Smith               Date
Attorney for Defendant

Approved without passing judgment on the merits or wisdom of this diversion.

PRETRIAL DIVERSION AGREEMENT - 7

1
2  _____
   United States District Judge
3

8/17/2023
_____
Date

PRETRIAL DIVERSION AGREEMENT - 8